IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TIFFANY SHAFFER,

    Movant,

v.                                                                            Case No. 2:19-cv-00638
                                                                         Case No. 2:17-cr-00040-1

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Movant Tiffany Shaffer's (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36). For the reasons set forth herein, it is respectfully **RECOMMENDED** that the § 2255 motion be **DENIED** and the civil action be dismissed from the docket of the court.

*I.*     *RELEVANT PROCEDURAL HISTORY*

A.     Defendant's criminal proceedings.

On March 22, 2017, Defendant, having waived indictment, pled guilty, pursuant to a written plea agreement, to a single-count Information charging her with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (ECF Nos. 13, 19, and 20). Defendant's plea agreement included a stipulation

acknowledging that, at the time she possessed the subject firearm, she had previously been convicted of a felony offense and was prohibited from possessing firearms. (ECF No. 20 at 12-13, Ex. B). Defendant further acknowledged that she had not been pardoned for her felony conviction and that her civil rights to possess a firearm had not been restored. (*Id*. at 13).

On June 19, 2017, Defendant was sentenced to a total of 48 months in prison, followed by a three-year term of supervised release, a $2,500 fine, and a $100 special assessment. (Judgment, ECF No. 27). Defendant did not appeal her conviction or sentence.[1]

B. Defendant's current section 2255 motion.

On September 6, 2019, Defendant filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 36). Defendant asserts that her § 922(g)(1) conviction is invalid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, Petitioner contends that the *Rehaif* decision renders her conduct non-criminal because she did not know that her status as a felon was valid and believed that her "Second Amendment" rights had been restored. (ECF No. 36 at 1).

On October 29, 2020, as ordered by the court, the United States of America (hereinafter "the government") filed a response to Defendant's § 2255 motion. (ECF No. 43). The government also moved to expand the record to file copies of Defendant's "Statement in support of Guilty Plea" and "Sentencing Order" from her prior felony drug

---

[1] Defendant's plea agreement contained a waiver provision that waived any appeal of her sentence unless it exceeded the statutory maximum (ECF No. 20 at 6, ¶ 12). The plea agreement also waived any collateral attack unless based upon a claim of ineffective assistance of counsel. (*Id.*) The instant claim is not grounded in ineffective assistance of counsel.

2

conviction in the Circuit Court of Kanawha County, West Virginia. (ECF No. 42). The undersigned has granted the motion to expand the record by separate order.

The government's response contends that the documents from Defendant's prior state court proceedings and the stipulation of facts incorporated into her federal plea agreement demonstrate that she knew she had been convicted of a felony offense (that is, a crime punishable by more than one year). (ECF No. 43 at 3-4). The government further asserts that Defendant cannot demonstrate that she is actually innocent of the § 922(g)(1) offense and cannot overcome the procedural default of her instant claim for relief. (*Id.* at 4-13). The government also argued that any *Rehaif* error was harmless. (*Id.* at 13-18). Defendant did not file a reply brief. This motion is ripe for adjudication.

## II. APPLICABLE STATUTORY AUTHORITY

Prior to 1996, a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about July 5, 2017, when she failed to timely file a notice of appeal. Thus, the one-year period for filing a § 2255 motion under § 2255(f)(1) expired on or about July 5, 2018. Defendant did not file her section 2255 motion until September 6, 2019. Thus, her motion is untimely unless she can demonstrate that one of the other subsections of section 2255(f) may be applied.

Here, Defendant relies upon the Supreme Court's recent decision in *Rehaif*. Presuming that the *Rehaif* decision, which was rendered on June 21, 2019, constitutes a new substantive rule that has been made retroactively applicable on collateral review by the Supreme Court, Defendant's motion would be timely under § 2255(f)(3). *See United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017); *Walker v. United States*, No. 2:17-cr-107, 2021 WL 1225981, at *2-3 (E.D. Va. Apr. 1, 2021).

### III. DISCUSSION

At the outset, notwithstanding that neither the Supreme Court nor the Fourth Circuit have specifically found *Rehaif* to be retroactive on collateral review, the government concedes that it is substantively retroactive because it altered the elements that must be proven to sustain a conviction pursuant to § 922(g), thereby narrowing the "class of persons that the law punishes." *See Welch v. United States*, 136 S. Ct. 1257, 1267 (2016) (applying retroactivity principles under *Teague v. Lane*, 489 U.S. 288 (1989)); *United States v. Jackson*, No. 3:17-cr-810-CMC, 2021 WL 694848, at *6 (D.S.C. Feb. 23, 2021) (government conceded § 2255 motion was timely when filed within one year of *Rehaif*, which it further conceded was retroactive on collateral review); *but see, e.g., Cherry v. United States,* 499 F. Supp. 3d 263, 265 (E.D. Va. 2020) (denying § 2255 relief unless and until Supreme Court recognizes that *Rehaif* is retroactive on collateral review) (citing *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001)). (ECF No.

4

43 at 4). In light of the government's concession herein, the undersigned will presume that the instant motion is timely under § 2255(f)(3).

Even if Defendant's motion is timely, however, the undersigned agrees with the government's contention that her *Rehaif* claim is procedurally defaulted and barred from consideration on collateral review because she failed to challenge, on direct review, the constitutional validity of her guilty plea, conviction, and sentence on the basis that she was misinformed about the elements of the § 922(g) offense. (ECF No. 43 at 4-5). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the movant shows both cause for the default and actual prejudice therefrom or demonstrates that he is actually innocent of the offense. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Bowman*, 267 F. App'x 296, 299 (4th Cir. 2008).

"[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." *Id*. Additionally, futility does not establish cause to excuse procedural default. *See Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review"). To show actual prejudice, a movant must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. *See United States v. Frady*, 456 U.S. 152, 170 (1982).

Thus, Defendant may pursue her claim in a § 2255 motion only if she can first demonstrate either cause for the procedural default and ensuing actual prejudice, or that a miscarriage of justice would result if the court refused to entertain her collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."). As aptly noted by the government, Defendant has not asserted and cannot satisfy either of these criteria.

First, a *Rehaif*-type claim is not novel. As noted by the government:

> The Fourth Circuit previously rejected a *Rehaif*-type claim in 1978, underscoring that the interpretation of § 922(g) proffered by the defendant in *Rehaif* was not novel at all. *See United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam). Consistent with [*United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001)], Petitioner's failure to raise such a claim earlier is therefore not excusable on novelty grounds. *See* [*United States v. Mayo*], 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) ("Given the plethora of challenges levied against § 922(g), Petitioner's claim does not qualify as novel." (citing *Williams* and other circuit-level cases)).

(ECF No. 43 at 9). Nor has Defendant claimed that the failure to raise a *Rehaif*-type claim before the district or circuit court was due to ineffective assistance of counsel, a claim which would likely be unavailing as, generally, "an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996); *see also United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (holding that a defense attorney's failure to anticipate *Apprendi* did not constitute deficient performance); *United States v. Finley*, 805 F. App'x 823, 827 (11th

6

Cir. 2020) (rejecting *Rehaif*-based ineffectiveness claim because "precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court decision"); *United States v. Sumlin*, No. 18-cr-682 (SHS), 2020 WL 3318207, at *5 (S.D.N.Y. June 18, 2020) ("[A]n attorney is not required to forecast changes or advances in the law in order to provide effective assistance." (quoting *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015)). (ECF No. 43 at 9-10). Thus, the undersigned agrees with the government that Defendant has not demonstrated cause for her procedural default.

Likewise, Defendant cannot show any actual prejudice stemming from such default or that she is actually innocent of the 922(g) charge. Defendant was a felon who possessed a firearm and her claim for relief is belied by her representations made during her guilty plea proceedings. Defendant pled guilty to the § 922(g)(1) charge and stipulated in her plea agreement that she had been convicted of a felony offense prior to possessing the firearm in question and then further admitted her guilt on the record at her plea hearing. She further stipulated that her rights to possess a firearm had not been restored and there is no evidence to demonstrate otherwise. (ECF No. 20, Ex. B; ECF No. 41; and ECF No. 43 at 6-7) (asserting that the record clearly demonstrates that Defendant knew she had been convicted of a felony and knew of her prohibited status). As noted by the government's response:

> The Fourth Circuit has stated that, absent "extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false,'" such that a "district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegation that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th

Cir. 2005).

(ECF No. 43 at 7). No such extraordinary circumstances are present here. Thus, the government correctly asserts that Defendant's claim here is barred by *Lemaster*. (*Id.*)

Additionally, in order to receive collateral relief on her *Rehaif* claim, Defendant has the burden of showing that, had she been correctly advised of the *mens rea* element concerning her status, there is a "reasonable probability" that she would not have pled guilty. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) . . . A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* was decided on direct review, to succeed with her claim on collateral review, Defendant must similarly demonstrate that, but for the failure to advise her of the *mens rea* requirement of knowledge of her status as a felon at the time of possession of a firearm, she would not have pled guilty and would have insisted on going to trial. She has not so demonstrated.

Moreover, the Fourth Circuit and other Circuit Courts of Appeals that have addressed the *mens rea* requirement after *Rehaif* have held that the government is merely required to prove that a defendant knew of his relevant status and not that he

knew he was prohibited from possessing a firearm (which appears to be the actual foundation of Defendant's claim). As noted by our sister court:

> In conclusion, based upon the text of the Supreme Court's decision in *Rehaif*, the long-standing jurisprudence regarding the well-settled distinction between Congress' use of the term "knowing" and "willful" in criminal statutes, pre and post-*Rehaif* Fourth Circuit precedent, and the weight of authority from the Sixth, Seventh, Eighth, and Ninth Circuits, the court holds the scope of a defendant's knowledge as required by the holding in *Rehaif* does not extend beyond the defendant's relevant status under §§ 922(g) and 924(a)(2), and thus does not require the Government to prove he also knew such status put him in a category of persons legally prohibited from possessing a firearm or ammunition.

*United States v. Jackson*, No. 3:17-cr-810-CMC, 2021 WL 694848, at *9 (D.S.C. Feb. 23, 2021).

To show actual innocence, a movant must demonstrate that he "has been incarcerated for a crime he did not commit." *United States v. Jones*, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *See Mikalajunas*, 186 F.3d at 494. Here, the facts demonstrate that Defendant is actually guilty of being a felon in possession of a firearm, as supported by the documentation incorporated into her federal guilty plea and the state court documents offered by the government with its response, as well as by Defendant's representations made during her guilty plea hearing. Thus, she cannot overcome her procedural default based on actual innocence.[2]

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 36) and dismiss the civil action from the docket of the court.

---

[2] In light of these proposed findings, the undersigned believes it is unnecessary to address the government's additional arguments made in their response brief.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on the opposing party and Judge Goodwin.

The Clerk is directed to mail a copy of this Proposed Findings and Recommendation to Movant/Defendant, **who now appears to be in custody at FPC Alderson**, and to transmit a copy to counsel of record.

November 8, 2021

Dwane L. Tinsley
United States Magistrate Judge